By the Court.
 

 The principal ground for reversal urged by plaintiff in error is that the court erred in admitting the testimony of the witness Sehumaker, wherein he testified that, at the office of one Badger, in the absence of plaintiff in error Joyce, the day before going to Washington Court House for the Hutson forgery trial, Badger told the witness Schumaker that Joyce was going to testify to the same matters concerning which Sehumaker was requested to testify, and that Joyce was to receive $50 for going down to Washington Court House and so testifying. This testimony was objected to by counsel for plaintiff in error, which objection was overruled and exceptions noted.
 

 We share the opinion of the Court of Appeals that this testimony was erroneously admitted, but we cannot concur in the view that its admission was not prejudicial. Badger was dead, and his testimony could not be procured by Joyce, and no way was afforded Joyce of meeting this alleged declaration of Badger except by his (Joyce’s) own denial. Of course, this fact had no effect upon the' competency of the testimony. However, the circumstances of Badger’s self-inflicted death, as disclosed by the record, and no opportunity to examine or cross-examine him, made this testimony of Sehumaker as
 
 *116
 
 to the alleged declaration of Badger, in Joyce’s absence, very damaging to Joyce. If the testimony was competent, it was highly beneficial to the state in their contention as to the guilt of Joyce; if it was incompetent, it was equally detrimental to Joyce in his defense.
 

 At the time of this claimed declaration of Badger to Schumaker, in Badger’s office in Joyce’s absence, there is no proof in the entire record that a conspiracy, in so far as Joyce was concerned, was yet in existence; and, generally, until there was at least
 
 prima facie
 
 proof of a conspiracy existing at the time, the declarations of the alleged conspirators, one against the other, were not admissible. Prom a full and careful examination of this record, we cannot escape the conclusion that this testimony, not being within any exception to the above indicated rule, was incompetent, and its admission was highly prejudicial to the defendant below, .requiring a reversal of this case.
 

 This conclusion makes it unnecessary to consider the other points of alleged error, and the judgment of the Court of Appeals affirming the judgment of the court of common pleas must be reversed, and the cause remanded to the trial court for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.